1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialatttorneys.com
3  4100 Newport Place Drive, Suite 800
   Newport Beach, CA 92660
4  Telephone: (949)706-6464

5  Attorney for Plaintiff

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | ROY RIOS, an individual,

12 |         Plaintiff,

13 |     v.

14 | WIREPATH HOME SYSTEMS, LLC, a
   | North Carolina limited liability company;
15 | and DOES 1-10, inclusive,

16 |         Defendants.

Case No.  8:19-cv-01921-JLS-KESx

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES**

[Declarations of VaShaun Jones and Scott J. Ferrell; Request for Judicial Notice filed concurrently herewith; and [Proposed] Order lodged concurrently herewith]

Date:  December 13, 2019
Time: 10:30 a.m.
Ctrm: 10A
Judge: Hon. Josephine L. Staton

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 13, 2019, at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 10A of the United States District Court for the Central District of California, located at 411 West 4th Street, Santa Ana, California, the Honorable Josephine L. Staton, United States District Judge, presiding, Plaintiff Roy Rios ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand on the grounds that the action does not arise under the laws of the United States, the amount in controversy is insufficient to warrant removal on diversity grounds, and the action is not otherwise within the removal jurisdiction of this Court. 28 U.S.C. §§ 1332(a), 1441(a).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed supporting declarations of VaShaun Jones and Scott J. Ferrell, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 8 and 11, 2019.


Dated: October 15, 2019                    PACIFIC TRIAL ATTORNEYS
                                           A Professional Corporation


                                           By: _/s/Scott J. Ferrell_____
                                           Scott J. Ferrell
                                           Attorney for Plaintiff

PLAINTIFF'S MOTION TO REMAND

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTUAL BACKGROUND....................................... 1

II.   ARGUMENT ........................................................................................ 2

    A.    Applicable Law ......................................................................... 2

    B.    Defendant Has Failed to Meet Its Heavy Burden in Overcoming the Strong Presumption Against Removal. ....................................... 4

        1.    The Sum Demanded in Good Faith in the Complaint Should Be Deemed to Be the Amount in Controversy...................................... 5

        2.    Defendant Has Failed to Satisfy Its Burden of Proof to Show that the Exception to the General Rule Applies Under the Preponderance of the Evidence Standard. ....................................... 8

            a.    The Complaint Only Seeks Statutory Damages (Not Actual Damages). ............................................................................... 9

            b.    Punitive Damages Are Not Sought...................................... 10

            c.    The Court Should Disregard Plaintiff's Potential Recovery of Attorneys' Fees. ................................................................... 11

            d.    Defendant's Estimate of the Cost of Injunctive Relief Is Unwarranted........................................................................ 15

    C.    The Court Should Grant Limited Discovery Relevant to the Jurisdictional Amount If the Court Is Inclined to Deny the Motion to Remand. ............ 19

    D.    Defendant Omitted Raising Federal Question Jurisdiction in Its Notice of Removal........................................................................................ 20

III.  CONCLUSION........................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Axiom Bank*,
   No. SACV 16-301-JLS, 2016 WL 1642567 (C.D. Cal. Apr. 25, 2016)
   (Staton, J.) .......................................................................................... 10, 11

*Anthony v. Security Pac. Fin. Servs., Inc.*,
   75 F.3d 311 (7th Cir. 1996) ...................................................................... 10

*Antonio v. Central Florida Inv., Inc.*,
   No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941 (C.D. Cal. Aug. 11,
   2016) (Staton, J.)............................................................................... 2, 4, 14

*Balcorta v. Twentieth Century–Fox Film Corp.*,
   208 F.3d 1102 (9th Cir. 2000) ..................................................................... 5

*Baracco v. Brooks Brothers Group, Inc.*,
   No. CV 18-9208 PSG, 2019 WL 276840 (C.D. Cal. Jan. 22, 2019)
   (Gutierrez, J.) .......................................................................... 15, 17, 18

*Blood v. Equifax, Inc.*,
   No. 8:18-cv-00958-JLS-PJW, 2018 WL 36736960 (C.D. Cal. July 30,
   2018) (Staton, J.).................................................................................... 2, 3

*Botosan v. Paul McNally Realty*,
   216 F.3d 827 (9th Cir. 2000) ....................................................................... 9

*Brealey v. Cox Communications*,
   2010 WL 1727854 (S.D. Cal. 2010)........................................................... 11

*Brown v. Citibank USA, N.A.*,
   No. 2:14-CV-07695-CAS, 2014 WL 5810333 (C.D. Cal. Nov. 7, 2014)
   (Snyder, J.) ............................................................................................ 6, 7

*Burns v. Windsor Ins. Co.*,
   31 F.3d 1092 (11th Cir. 1994) ..................................................................... 8

*Carranza v. Nordstrom, Inc.*,
   No. EDCV 14–01699 MMM, 2014 WL 10537816 (C.D. Cal. Dec. 12,
   2014) (Morrow, J.) ..................................................................................... 12

*Conrad Associates v. Hartford Accident & Indemnity Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ........................................................ 13

*Crum v. Circus Enterprises*,
  231 F.3d 1129 (9th Cir. 2000) .................................................................. 6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81, 135 S. Ct. 547 (2014) .................................................. 3, 4, 5

*Davis v. Staples, Inc.*,
  No. CV 13–8937 FMO, 2014 WL 29117 (C.D. Cal. Jan. 3, 2014)
  (Olguin, J.) ............................................................................................. 12

*De Aguilar v. Boeing Co.*,
  47 F.3d 1404 (5th Cir. 1995) .................................................................... 8

*Dukes v. Twin City Fire Ins. Co.*,
  No. CV–09–2197–PHX–NVW, 2010 WL 94109 (D. Ariz. Jan. 6, 2010) .......... 12, 13

*Duncan v. Stuetzle*,
  76 F.3d 1480 (9th Cir. 1996) .................................................................... 2

*Ecker v. Ford Motor Co.*,
  2002 WL 31654558 (C.D. Cal. Nov. 12, 2002) ........................................ 11

*Faulkner v. Astro–Med, Inc.*,
  No. C 99–2562 SI, 1999 WL 820198 (N.D. Cal. Oct. 4, 1999) ................ 13

*Forever Living Products U.S. Inc. v. Geyman*,
  471 F. Supp. 2d 980 (D. Ariz. 2006) ........................................................ 7

*Galt G/S v. JSS Scandanavia*,
  142 F.3d 1150, 1155 (9th Cir. 1998) ...................................................... 10

*Garcia v. Lifetime Brands, Inc.*,
  No. EDCV 15-1924-JLS, 2016 WL 81473 (C.D. Cal. Jan. 7, 2016)
  (Staton, J.) ............................................................................................... 4

*Gardynski–Leschuck v. Ford Motor Co.*,
  142 F.3d 955 (7th Cir. 1998) .................................................................. 13

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) (per curiam) ...................................... 2, 4, 6

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) ..................................................... 19

*Gil v. Winn-Dixie Stores, Inc.*,
   257 F. Supp. 3d 1340 (S.D. Fla. 2017), *appeal docketed*, No. 17-13467
   (11th Cir. Aug. 1, 2017)............................................................ 16

*Gonzales v. CarMax Auto Superstores, LLC*,
   840 F.3d 644 (9th Cir. 2016) .............................................. 11, 12

*Green v. Party City Corp.*,
   No. CV–01–09681 CAS (Ex), 2002 WL 553219 (C.D. Cal. Apr. 9,
   2002) .................................................................................... 13

*Gunn v. Minton*,
   568 U.S. 251 (2013)................................................................... 2

*Hernandez v. Towne Park, Ltd.*,
   2012 WL 2373372 (C.D. Cal. June 22, 2012) (Morrow, J.)................ 14, 15

*Hubbard v. Rite Aid Corp.*,
   433 F. Supp. 2d 1150 (S.D. Cal. 2006)........................................ 9

*Hubbard v. Twin Oaks Health and Rehabilitation Center*,
   408 F. Supp. 2d 923 (E.D. Cal. 2004) ........................................ 9

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009) .................................................... 2

*Ibarra v. Manheim Invs., Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ...............................................4, 15, 17, 19

*Ibrahim v. Marriott Int'l, Inc.*,
   No. 14-05510, 2014 U.S. Dist. LEXIS 103008 (C.D. Cal. July 28,
   2014) (Fitzgerald, J.) .............................................................. 12

*In re Ford Motor Co./Citibank (So. Dakota), N.A.*,
   264 F.3d 952 (9th Cir. 2001) ................................................... 15

*Indianapolis v. Chase Nat'l Bank*,
   314 U.S. 63 (1941).................................................................... 5

*Jackson v. Specialized Loan Servicing, LLC*,
   No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *12 (C.D. Cal.
   Oct. 31, 2014) (Morrow, J.) ..................................................... 7

*Kidner v. P.F. Chang's China Bistro, Inc.*,
    No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5 (C.D. Cal.
    May 21, 2015) (Bernal, J.) ............................................................. 12, 13, 14

*Kokkonen v. Guardian Life Ins. Co. of America*,
    511 U.S. 375 (1994) ....................................................................................... 2

*Kroske v. U.S. Bank Corp.*,
    432 F.3d 976 (9th Cir. 2005) ...................................................................... 10

*Lewis v. Verizon Communications, Inc.*,
    627 F.3d 395 (9th Cir. 2010) ........................................................................ 5

*Licea v. J&P Park Acquisitions, Inc*.,
    No. CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019) (Real,
    J.) ................................................................................................................. 20

*Licea v. Makeup Eraser LLC*,
    No. 5:19-cv-00432-PSG-SHK, Dkt. 15 (C.D. Cal. Apr. 22, 2019)
    (Gutierrez, J.) ............................................................................................... 8

*Licea v. Reebok Int'l Ltd.*,
    2019 WL 4014431 (C.D. Cal. Aug. 23, 2019) (Hatter, J.) .......................... 20

*Licea v. Vita Liberata USA LLC*,
    No. EDCV 19-753 DSF (JEMx), 2019 WL 2448207, at *2 (C.D. Cal.
    June 12, 2019) (Fischer, J.) ........................................................................... 8

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
    479 F.3d 994 (9th Cir. 2007) .................................................................... 5, 6

*Martinez v. Adidas America*,
    No. 5:19-cv-00841-JGB-KK, 2019 WL 3002864 (C.D. Cal. July 9,
    2019) (Bernal, J.) ....................................................................................... 20

*Martinez v. Greatcollections.com, LLC*,
    No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299 (C.D. Cal. Sept. 27,
    2019) (Staton, J.) ................................................................................... 20, 21

*Martinez v. Matrix Health Prods.*,
    2019 WL 2242074 (C.D. Cal. May 24, 2019) (Carter, J.) ......................... 20

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003) ..................................................................... 4

PLAINTIFF'S MOTION TO REMAND

*Mejico v. Online Labels, Inc.*,
 No. 5:18-cv-02636-ODW, 2019 WL 3060819 (C.D. Cal. July 12, 2019)
 (Wright, J.) ..................................................................................................... 10, 14

*Miranti v. Lee*,
 3 F.3d 925 (5th Cir. 1993) ................................................................................. 13

*Perez Reyes v. National Distribution Centers, LLC*,
 No. EDCV 17–2434 JGB (SPx), 2018 WL 679451, at *5 (C.D. Cal.
 Feb. 1, 2018) (Bernal, J.) .................................................................................. 12

*Reames v. AB Car Rental Servs., Inc.*,
 899 F. Supp. 2d 1012 (D. Or. 2012) .............................................................. 13, 14

*Rogers v. Wal-Mart Stores, Inc.*,
 230 F.3d 868 (6th Cir. 2000) ............................................................................... 8

*Romsa v. Ikea U.S. W., Inc.*,
 No. CV 14-05552 MMM, 2014 WL 4273265 (C.D. Cal., Aug. 28,
 2014) (Morrow, J.) ............................................................................................. 19

*Sabine v. Aaron Brothers, Inc.*,
 CV173177DSFAGRX, 2017 WL 7806596 (C.D. Cal. July 11, 2017)
 (Fischer, J.) ....................................................................................................... 19

*Sanchez v. Monumental Life Ins. Co.*,
 102 F.3d 398 (9th Cir. 1996) ............................................................................... 3

*Singer v. State Farm Mut. Auto. Ins. Co.*,
 116 F.3d 373 (9th Cir. 1997) ............................................................................... 6

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
 303 U.S. 283, 58 S. Ct. 586 (1938) .............................................................. 5, 6, 7

*Standard Fire Ins. Co. v. Knowles*,
 568 U.S. 588, 133 S. Ct. 1345 (2013) .................................................................. 5

*Stelzer v. CarMax Auto Superstores California, LLC*,
 2013 WL 6795615 (S.D. Cal. Dec. 20, 2013) ............................................. 7, 11, 12

*Surber v. Reliance Nat. Indem. Co.*,
 110 F. Supp. 2d 1227 (N.D. Cal. 2000) ............................................................. 14

*Thurston v. ClearPath Lending, Inc.*,
   No. SACV-18-2094-JVS(JDEx), 2019 WL 366405 (C.D. Cal. Jan. 28,
   2019) (Selna, J.) ..................................................................................................... 20

*Tompkins v. Basic Research LL*,
   2008 WL 1808316 (E.D. Cal. Apr. 22, 2008) ......................................................... 19

*Townsend v. Brinderson Corp.*,
   No. CV 14-5320 FMO, 2015 WL 3970172 (C.D. Cal. June 30, 2015) ..................... 4

*Trahan v. U.S. Bank Nat'l Ass'n*,
   379 Fed. Appx. 628 (9th Cir. 2010) ................................................................. 10, 11

*U.S. Bank Nat'l Ass'n v. Azam*,
   No. SACV-13:633-JLS, 2013 WL 12130577 (C.D. Cal. Apr. 30, 2013)
   (Staton, J.) ................................................................................................................ 3

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ................................................................................ 15

*Vergara v. Wells Fargo Bank, N.A.*,
   No. SA CV 15-00058-JLS, 2015 WL 1240421 (C.D. Cal. Mar. 17,
   2015) (Staton, J.) ...................................................................................................... 3

*Vogel v. Rite Aid Corp.*,
   992 F. Supp. 2d 998 (C.D. Cal. 2014) (Morrow, J.) ................................................. 9

*Wastier v. Schwan's Consumer Brands*,
   2007 WL 4277552 (S.D. Cal. Dec. 5, 2007) .......................................................... 13

*Zavala v. Wells Fargo Bank N.A.*,
   No. SACV 15-842-JLS, 2015 WL 3745041 (C.D. Cal. June 12, 2015)
   (Staton, J.) ....................................................................................................... 2, 3, 4

**California Cases**

*Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*,
   No. CIVDS1504682 (San Bernardino Super. Ct. Mar. 21, 2016) ........................... 10

*Donald v. Café Royale, Inc.*,
   218 Cal. App. 3d 168, 266 Cal. Rptr. 804 (1990) .................................................... 9

*Koire v. Metro Car Wash*,
   40 Cal. 3d 24, 219 Cal. Rptr. 133, 707 P.2d 195 (1985) .......................................... 9

*Thurston v. Midvale Corporation,*
  No. BC663214 (L.A. Super. Ct., May 21, 2018), *aff'd, Thurston v.*
  *Midvale Corp.*, No. B291631, 2019 WL 4166620, - Cal. App. 5th -, 252
  Cal. Rptr. 3d 292 (Cal. Ct. App. Sept. 3, 2019)..........................................10

**Federal Statutes**

28 U.S.C.
  § 1332 .............................................................................................................2
  § 1332(a) ........................................................................................................3
  § 1332(a)(1) ....................................................................................................8
  § 1332(c) .........................................................................................................4
  § 1441(b) .........................................................................................................2
  § 1446 ..............................................................................................................2
  § 1446(c)(2) .................................................................................................3, 8
  § 1446(c)(2)(B) ...............................................................................................2
ADA .............................................................................................................16, 20

**California Statutes**

Civil Code
  § 51, *et seq.* ...................................................................................................1
  § 51 .............................................................................................................9, 20
  § 52 ...............................................................................................................1, 9
  § 52(a) .........................................................................................................9, 11
  Unruh Act..................................................................................................*passim*

**Other Authorities**

14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure
  (4th ed. 2011)
  § 3702...........................................................................................................6, 7
  § 3702.1 ...........................................................................................................6

Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 Har. L.
  Rev. 483, 510 (1928) ........................................................................................5

The Rutter Group, Federal Civil Procedure Before Trial ¶ 2:2385 (2019) ..............7, 8

News Release (Testimony of Principal Deputy Assistant Attorney General
  for Civil Rights, Samuel R. Bagenstos, before the House Subcommittee
  on Constitution, Civil Rights and Civil Liberties), 2010 WL 1634981
  (Apr. 22, 2010)........................................................................................................ 16

PLAINTIFF'S MOTION TO REMAND

## MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION AND FACTUAL BACKGROUND

On August 21, 2019, Plaintiff Roy Rios ("Plaintiff") filed this action in the Superior Court of California for County of Los Angeles, alleging *one* cause of action arising solely under California state law against Defendant Wirepath Home Systems, LLC ("Defendant") for violation of California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, *et seq*. (Dkt. No. 1-1), seeking relief exclusively pursuant thereto.

Defendant offers the commercial website, *www.sunbritetv.com* (the "Website"), which provides a breadth of information concerning Defendant's products and other amenities and services, privileges, advantages, and accommodations.  (Compl. ¶¶ 4, 9.) Defendant's policy and practice is to deny blind users, including Plaintiff, full and equal enjoyment and access to the Website.  *Id.* ¶ 16.  Due to Defendant's failure and refusal to remove the access barriers on the Website, Plaintiff and other blind and visually impaired individuals have been denied full and equal enjoyment of, and access to, Defendant's services, advantages, privileges, and accommodations offered to the public through its Website.  *Id.*  These access barriers prevent blind individuals from freely navigating Defendant's Website and are pervasive.  *Id.* ¶¶ 17-20.

Defendant's actions constitute discrimination against Plaintiff on the basis of disability in violation of the Unruh Act because Defendant constructed a website that is inaccessible to Plaintiff, maintains the Website in this inaccessible form, and has failed to take adequate actions to correct these barriers even after being notified of the discrimination these barriers cause.  *Id.* ¶ 24.

Plaintiff seeks statutory minimum damages pursuant to California Civil Code § 52, injunctive relief requiring Defendant to bring its Website into compliance with the Unruh Act, attorney's fees, and costs.  Plaintiff disclaims federal jurisdiction based on his sole cause of action arising under California state law, and additionally by alleging that he "***expressly limits the total amount of recovery, including statutory damages, attorneys'***

1  *fees and costs, and cost of injunctive relief not to exceed $74,999*." (Compl. ¶ 28, Prayer

2  for Relief 2-4) (emphasis added).

3  On October 4, 2019, Defendant improperly filed its Notice of Removal under 28

4  U.S.C. §§ 1332, 1441(b), and 1446 on the alleged grounds that this is a civil action

5  between citizens of different states in which the amount in controversy allegedly exceeds

6  $75,000. (Dkt. No. 1 at 3:24-7:13.)

7  The Notice of Removal is improper because Defendant fails to prove, by a

8  preponderance of admissible evidence, that the amount in controversy exceeds the

9  jurisdictional limit of this Court. 28 U.S.C. § 1446(c)(2)(B). It does not.

10  ## II.     ARGUMENT

11  ### A.     Applicable Law

12  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power

13  authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

14  (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

15  "Courts 'strictly construe the removal statute against removal jurisdiction,' and 'the

16  defendant *always* has the burden of establishing that removal is proper.'"  *Antonio v.*

17  *Central Florida Inv., Inc.*, No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941, at *2 (C.D.

18  Cal. Aug. 11, 2016) (Staton, J.) (emphasis added) (quoting *Gaus v. Miles, Inc.*, 980 F.2d

19  564, 566 (9th Cir. 1992) (per curiam)).  "[T]here is a '*strong presumption*' against

20  removal jurisdiction," *Zavala v. Wells Fargo Bank N.A.*, No. SACV 15-842-JLS (ASx),

21  2015 WL 3745041, at *2 (C.D. Cal. June 12, 2015) (Staton, J.) (quoting *Gaus*, 980 F.2d

22  at 566) (emphasis added), which means that "the court resolves *all* ambiguity in favor of

23  remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

24  (emphasis added).  "[F]ederal jurisdiction 'must be rejected if there is *any doubt* as to the

25  right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

26  1996) (emphasis added) (quoting *Gaus*, 980 F.2d at 566) (citation omitted)).  "When a

27  state-court complaint affirmatively alleges that the amount in controversy is less than the

28  jurisdictional threshold, the party seeking removal must prove with legal certainty that

the jurisdictional amount is met." *Blood v. Equifax, Inc.*, No. 8:18-cv-00958-JLS-PJW, 2018 WL 36736960, at *3 (C.D. Cal. July 30, 2018) (Staton, J.) (quoting *U.S. Bank Nat'l Ass'n v. Azam*, No. SACV-13:633-JLS (JPRx), 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013) (Staton, J.)).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

   (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--

   (i) nonmonetary relief; or

   (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

   (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

28 U.S.C. § 1446(c)(2).  Thus, if the defendant's amount in controversy allegation is either contested by the plaintiff or questioned by the court, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).

"Under this [preponderance of the evidence] burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Vergara v. Wells Fargo Bank, N.A.*, No. SA CV 15-00058-JLS (RNBx), 2015 WL 1240421, at *1 (C.D. Cal. Mar. 17, 2015) (Staton, J.) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)); *Zavala v. Wells Fargo Bank N.A.*, No. SACV 15-842-JLS (ASx), 2015 WL 3745041, at *1 (C.D. Cal. June 12,

2015) (Staton, J.) ("On a motion to remand, the Court 'consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"); *see also Gaus*, 980 F.2d at 567 (holding that the party seeking removal must overcome "the 'strong presumption' against removal jurisdiction" by "setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000].""). "Conclusory allegations as to the amount in controversy are insufficient." *Antonio*, 2016 WL 4267941, at *2 (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003)). "Nor can a defendant establish the amount in controversy by 'mere speculation and conjecture.'" *Antonio*, 2016 WL 4267941, at *2 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

"[N]either *Dart Cherokee* nor [*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015)] mandate that a plaintiff must always submit evidence challenging the amount in controversy." *Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (Staton, J.) (quoting *Townsend v. Brinderson Corp.*, No. CV 14-5320 FMO (RZx), 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015) (citing cases)). "'Numerous cases after *Dart Cherokee* have concluded, either explicitly or implicitly, that while a plaintiff *may* rebut defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on a motion to remand.'" *Garcia*, 2016 WL 81473, at *4 (emphasis in original) (quoting *Townsend*, 2015 WL 3970172, at *3).

## B.    Defendant Has Failed to Meet Its Heavy Burden in Overcoming the Strong Presumption Against Removal.

Plaintiff concedes that there is diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(c).  Plaintiff only challenges whether Defendant has satisfied the amount in controversy requirement of diversity jurisdiction, which is necessary for removal jurisdiction to exist, as addressed below.

### 1. The Sum Demanded in Good Faith in the Complaint Should Be Deemed to Be the Amount in Controversy.

A plaintiff is the "master of his complaint." *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir. 2000).

The Supreme Court has made clear that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595, 133 S. Ct. 1345, 1350 (2013) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 294, 58 S. Ct. 586 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove")). The Supreme Court reiterated this rule in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"). This general rule comports with the Supreme Court's recognition that "[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (citing Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 Har. L. Rev. 483, 510 (1928)).

Ninth Circuit decisions are in accord with the general rule set forth above. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (recognizing "the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) ("a plaintiff may

sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court.") (stating that a plaintiff has the "prerogative ... to forgo a potentially larger recovery to remain in state court."); *Crum v. Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith.") (citations omitted); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[t]he plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand.") (citing 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702 at 22 (4th ed. 2011)).

In *Singer*, the Ninth Circuit interpreted its prior decision in *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992), as follows, "We understand *Gaus* to mean that where the plaintiff does not claim damages in excess of $50,000 and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $50,000,[1] then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." *Singer*, 116 F.3d at 376 (citing *Gaus*, 980 F.2d at 567).

District courts have regularly granted requests for remand in situations in which the plaintiff set forth the amount in controversy as below the $75,000 threshold. *See, e.g., Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) (Snyder, J.) **("[P]laintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000.** While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess of $75,000, plaintiffs are still entitled to disclaim any intent to fashion this sort of relief.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1983) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient

---

[1] *Gaus* was decided at a time when the amount in controversy requirement was satisfied if it was in excess of $50,000.

of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.") (emphasis added); *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *12 (C.D. Cal. Oct. 31, 2014) (Morrow, J.) (granting request for remand and finding "the amount in controversy is measured by the damages each plaintiff seeks"); *Forever Living Products U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 985 (D. Ariz. 2006) ("the United Supreme Court has stated that if a Plaintiff does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the Defendant cannot remove.").

In *Stelzer v. CarMax Auto Superstores California, LLC*, 2013 WL 6795615 (S.D. Cal. Dec. 20, 2013), the district court held that the plaintiff has the prerogative to forego a potentially larger recovery to remain in state court, subject to the good faith requirement, stating, "If [Plaintiff] actually stipulated to some amount in controversy less than $75,000, that may simplify matters here." *Id.* at *4.

As such, "if plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris § 3702 (4th ed.). "Under well-settled principles of pleading, the plaintiff is the master of the statement of his claim. Thus, for example, as the judicial precedents make clear, if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." *Id.* "Because the plaintiff is deemed the master of his or her complaint, if the state court pleading asks for less than the applicable federal amount in controversy, subject matter jurisdiction generally is absent even though the underlying claim actually may be of a value exceeding the statutory minimum." *Id.* § 3702.1.

"If the state court complaint specifically seeks 'less' than $75,000, removal on the basis of diversity will not be allowed unless the amount sought was stated in bad faith (or

if it includes nonmonetary relief that would add to satisfy the jurisdictional minimum…).” The Rutter Group, Federal Civil Procedure Before Trial ¶ 2:2385 (2019). "Defendant would have a particularly heavy burden in such situations, likely needing to show the amount pleaded was falsely or incompetently set forth." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409-10 (5th Cir. 1995); 28 U.S.C. § 1446(c)(2)).

Here, there is no diversity jurisdiction because Plaintiff's allegations, damages sought, injunctive relief, and prayer for relief explicitly limit the collective value of the recovery sought to $74,999. (Compl. ¶ 28, Prayer for Relief, 2-4.) Notably, Defendant's Notice of Removal is silent about the fact that Plaintiff has explicitly limited the amount in controversy to no more than $74,999 inclusive of injunctive relief, statutory damages, and attorneys' fees and costs. (Compl. ¶ 28.) Defendant's omission speaks volumes. Thus, this action is not properly removable under 28 U.S.C. § 1332(a)(1). *Licea v. Vita Liberata USA LLC*, No. EDCV 19-753 DSF (JEMx), 2019 WL 2448207, at *2 (C.D. Cal. June 12, 2019) (Fischer, J.) ("Plaintiffs are masters of their Complaint and may limit their potential recovery."); *Licea v. Makeup Eraser LLC*, No. 5:19-cv-00432-PSG-SHK, Dkt. 15 at 1 (C.D. Cal. Apr. 22, 2019) (Gutierrez, J.) ("The motion [to remand] appears to be well-founded, because the complaint on its face limits the amount in controversy to $74,999.").

**2.    Defendant Has Failed to Satisfy Its Burden of Proof to Show that the Exception to the General Rule Applies Under the Preponderance of the Evidence Standard.**

If a plaintiff's express claim is limited to less than the minimum jurisdictional sum, the defendant's "**burden of proof [to prove that jurisdiction exists] must be a *heavy* one**." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (emphasis added). Defendant has failed to satisfy its burden of proof to show that the exception to the general rule applies under the preponderance of the evidence standard. 28 U.S.C. § 1446(c)(2).

### a.  The Complaint Only Seeks Statutory Damages (Not Actual Damages).

Plaintiff sets forth one cause of action based exclusively upon California law and seeks statutory minimum damages pursuant thereto (*i.e.*, not actual damages).  (Compl. ¶¶ 21-28; Cal. Civ. Code § 52(a).)  As the Ninth Circuit long ago explained, "The statute [i.e., Civil Code § 52] lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover. Therefore, proof of actual damages is not a prerequisite to recovery of statutory minimum damages."  *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (citing *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33, 219 Cal. Rptr. 133, 707 P.2d 195, 200 (1985) (stating that the Unruh Act "provides for [statutory] damages aside from any actual damages incurred by the plaintiff") (Section 52 [of the California Civil Code] provides for minimum statutory damages . . . for *every* violation of section 51, *regardless* of the plaintiff's actual damages.") (emphasis in original)); *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1014 (C.D. Cal. 2014) (Morrow, J.) ("Proof of actual damages is not a prerequisite to the recovery of statutory minimum damages.") (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006) (citing *Botosan*)).

"To recover statutory damages, a plaintiff need only show that he was denied full and equal access, ***not that he was wholly excluded from enjoying defendant's services***."  *Vogel*, 992 F. Supp. 2d at 1014 (emphasis added) (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d at 1170); *Hubbard v. Twin Oaks Health and Rehabilitation Center*, 408 F. Supp. 2d 923, 932 (E.D. Cal. 2004); *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 182, 266 Cal. Rptr. 804 (1990) (holding that "the separate and limited accommodations for dining at [the defendant's restaurant] for the physically handicapped did not constitute equal access" because at best, "only 4, or possibly 5, of the 26 tables in the restaurant were accessible to the physically handicapped," but "[t]hese tables were located in the lower level lounge area, separate from the two raised tiers of the main dining area," such

that "[t]he able-bodied patrons were afforded the ambience of dining on raised tiers, while wheelchair-confined patrons were relegated to an area in the bar adjacent to the piano").

As such, the Court should consider the minimum statutory damages of $4,000 sought in the Complaint for purposes of determining the amount in controversy. *See Mejico v. Online Labels, Inc.*, No. 5:18-cv-02636-ODW (SHKx), 2019 WL 3060819, at *2 (C.D. Cal. July 12, 2019) (Wright, J.).

Although Plaintiff does not seek to limit his recovery of statutory damages at this premature stage, as far as he is aware, in the only two website accessibility cases in which statutory damages were awarded pursuant to the Unruh Act, the plaintiffs received a $4,000 statutory damages recovery. *Thurston v. Midvale Corporation,* No. BC663214 (L.A. Super. Ct., May 21, 2018), *aff'd, Thurston v. Midvale Corp.*, No. B291631, 2019 WL 4166620, - Cal. App. 5th - , 252 Cal. Rptr. 3d 292 (Cal. Ct. App. Sept. 3, 2019); *Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, No. CIVDS1504682 (San Bernardino Super. Ct. Mar. 21, 2016) (RJN Exs. 1 - 2).

Defendant's citation of various cases on page 5, lines 18-20, of its Notice of Removal (*e.g.*, *Galt G/S JSS Scandanavia*, 142 F.3d 1150, 1155 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)), is misleading because the Complaint at issue does not seek "emotional distress damages" or any other type of actual damages, which is precisely why the Complaint *does* expressly seek instead statutory minimum damages as an alternative remedy.

### b.    Punitive Damages Are Not Sought.

Whether "punitive damages are sufficient to meet the amount in controversy requirement is a two-part test." *Adams v. Axiom Bank*, No. SACV 16-301-JLS (ASx), 2016 WL 1642567, at *3 (C.D. Cal. Apr. 25, 2016) (Staton, J.) (citation and quotation marks omitted).  "First, punitive damages must be available as a matter of state law." *Id.*; *Trahan v. U.S. Bank Nat'l Ass'n*, 379 Fed. Appx. 628, 629 (9th Cir. 2010) (holding that a district court should consider punitive damages only after first determining the

availability of such damages under state law).  "Second, the Court must determine whether the amount of punitive damages will likely exceed the $75,000 threshold." *Adams*, 2016 WL 1642567, at *3.

First, Defendant has failed to attempt to even cite to any authority in its Notice of Removal to support the proposition that punitive damages are even available under the applicable law.  To the extent that Defendant seeks to rely upon the phrase in Civil Code § 52(a) stating "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage," that provision is clearly not applicable here because, as mentioned above, the Complaint does not seek any actual damages.  That is, the trebling of nonexistent actual damages equals nothing.

Second, it is beyond dispute that the Complaint does not seek any punitive damages.  As such, the Court should not consider that category at all.  *See Brealey v. Cox Communications*, 2010 WL 1727854, *2 (S.D. Cal. 2010) (plaintiff did not ask for punitive damages, so they cannot be included in amount in controversy calculation); *Ecker v. Ford Motor Co*., 2002 WL 31654558, at *2 (C.D. Cal. Nov. 12, 2002) (defendant cannot add punitive damages to amount in controversy requirement because plaintiff did not seek punitive damages in complaint; plaintiff's request for "other relief as Court may deem just and proper" is not sufficient to indicate request for punitive damages).

### c.   The Court Should Disregard Plaintiff's Potential Recovery of Attorneys' Fees.

As an initial matter, it is noteworthy that during the parties' pre-filing conference of counsel regarding the instant Motion, Defendant represented that it did not rely upon Plaintiff's attorneys' fees as a basis for seeking removal.  (Ferrell Decl. ¶ 2.)  As such, this Court should reject consideration of Plaintiff's attorneys' fees as a basis for removal.

"With respect to the attorney's fees, it is unsettled in the Ninth Circuit whether fees incurred after the date of removal are included in the amount in controversy." *Stelzer v. CarMax Auto Superstores California, LLC*, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016)

("It remains an open question whether attorney's fees that are anticipated but unaccrued at the time of removal ... may be included in the amount-in-controversy. Other circuits and the district courts in this circuit are divided on the issue ... [But we] do not resolve this open question here.").

Multiple district courts within the Ninth Circuit have taken the position that attorney's fees that have not accrued at the time of removal are not included in the amount in controversy. *Perez Reyes v. National Distribution Centers, LLC*, No. EDCV 17–2434 JGB (SPx), 2018 WL 679451, at *5 (C.D. Cal. Feb. 1, 2018) (Bernal, J.) ("[t]his court takes the position that when calculating attorneys' fees to establish jurisdiction, the only fees that can be considered are those incurred as of the date of removal.") (internal quotation marks and citation omitted); *Kidner v. P.F. Chang's China Bistro, Inc.*, No. EDCV 15–287 JGB (KKx), 2015 WL 2453523, at *5 (C.D. Cal. May 21, 2015) (Bernal, J.) ("future attorney fees are entirely speculative, may be avoided, and therefore not in controversy at the time of removal."); *Carranza v. Nordstrom, Inc.*, No. EDCV 14–01699 MMM (DTBx), 2014 WL 10537816, at *17 n.99 (C.D. Cal. Dec. 12, 2014) (Morrow, J.) ("only attorneys' fees that have accrued as of the date of removal may be considered in determining whether the jurisdictional amount is at stake."); *Ibrahim v. Marriott Int'l, Inc.*, No. 14-05510, 2014 U.S. Dist. LEXIS 103008, 3 (C.D. Cal. July 28, 2014) (Fitzgerald, J.) ("The court agrees with the cases finding that attorneys' fees beyond removal are too speculative."); *Davis v. Staples, Inc.*, No. CV 13–8937 FMO (PLAx), 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014) (Olguin, J.) ("the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal.") (citation omitted); *Stelzer v. CarMax Auto Superstores California, LLC*, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) (calculating the pre-remand attorneys' fees amount as $600 based on the time it would take to draft a complaint and a demand letter as only requiring 1-3 hours); *Dukes v. Twin City Fire Ins. Co.*, No. CV–09–2197–PHX–NVW, 2010 WL 94109, *2 (D. Ariz. Jan. 6, 2010) ("This Court concludes that the better view is that attorneys' fees

incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal.  Future attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal"); *Wastier v. Schwan's Consumer Brands*, 2007 WL 4277552 at *3 (S.D. Cal. Dec. 5, 2007); *Green v. Party City Corp.*, No. CV–01–09681 CAS (Ex), 2002 WL 553219, *2 & n.3 (C.D. Cal. Apr. 9, 2002) ("attorneys' fees are calculated at the time of removal for purposes of diversity jurisdiction") (calculating attorneys' fees on the basis "only [of] work done by plaintiff's counsel prior to removal"); *Faulkner v. Astro–Med, Inc.*, No. C 99–2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) (single plaintiff case) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal") (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider post-removal events in calculating attorneys' fees for purposes of assessing removal); *see also Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998).

The Court should rely upon the foregoing cases.  "As a recent, well-reasoned opinion from this circuit explained:

'[I]t is impossible to devise any workable "actuarial" formula for determining the amount of attorney fees that may be reasonably anticipated at the time of removal. Any attempt to do so must necessarily rely on wholly arbitrary decisions regarding, for example, whether or not to consider the possibility of pre-trial settlement of a removed dispute, whether or not to consider the possibility that fees will be incurred post-trial in connection with appellate proceedings, and how to define the universe of material historical data to which the formula should be applied. In addition, my jurisprudential experience leads me to conclude that it is highly unlikely that attorney fees fit a normal or any other regular distribution; to the contrary, I believe it is likely that attorney fees are extremely irregularly distributed, and marked by high positive kurtosis and skew. That is, any such

actuarial formula, no matter how exquisitely crafted, will inevitably and systematically produce dramatically inaccurate predictions a significant proportion of the time.'"

*Kidner*, 2015 WL 2453523, at *5 (quoting *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1021 (D. Or. 2012)).  As the *Kidner* court explained, "[i]t appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that . . . attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."  *Kidner*, 2015 WL 2453523, at *6 n.9 (quoting *Reames*, 899 F. Supp. 2d at 1021).

Assuming *arguendo* that the Court even considers post-removal attorneys' fees, which is disputed, Defendant's reliance on Plaintiff's attorneys' fees is unsubstantiated and, therefore, speculative.  The Court should disregard Defendant's bald assertion.  *See Mejico v. Online Labels, Inc.*, 2019 WL 3060819, at *3 (C.D. Cal. July 12, 2019) (Wright, J.).  Indeed, in *Antonio v. Central Florida Inv., Inc.*, No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941 (C.D. Cal. Aug. 11, 2016) (Staton, J.), this Court held:

"Plaintiffs' complaint seeks punitive damages and attorneys' fees. . . . This is insufficient to satisfy Defendants' burden of proof.  All Defendants have done is point out that Plaintiffs have demanded punitive damages and attorneys' fees and assumed on that basis that the amount in controversy exceeds the jurisdictional amount. Where, as here, the defendant fails to offer any evidence of the potential punitive damages or attorneys' fees, the amount in controversy requirement is not satisfied."

*Id.* at *3 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)) (refusing to add attorneys' fees and punitive damages to the amount in controversy where the defendant failed to offer any evidence as to their amount); *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *20 (C.D. Cal. June 22, 2012) (Morrow, J.) ("Given the Ninth Circuit's direction that the removing party produce 'summary-judgment-type evidence' showing that the amount in controversy requirement

is met, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), the court concludes that defendants have not adduced adequate proof of the amount of attorneys' fees that should be used to calculate the amount in controversy.  Therefore, the court declines to consider [plaintiff's] prayer for attorneys' fees in determining the amount in controversy."); *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

Finally, a different judge in this Court recently found it "unlikely that attorneys' fees in a case with similar allegations would amount to over $25,001."  *Baracco v. Brooks Brothers Group, Inc.*, No. CV 18-9208 PSG (JPRx), 2019 WL 276840, at *4 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.).

### d.      Defendant's Estimate of the Cost of Injunctive Relief Is Unwarranted.

"In the Ninth Circuit, the value of the injunction for purposes of determining the amount in controversy may be assessed from 'either viewpoint,' that is, the amount that either party can gain or lose from the case."  *Baracco v. Brooks Brothers Group, Inc.*, No. CV 18-9208 PSG (JPRx), 2019 WL 276840, at *3 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.) (citing *In re Ford Motor Co./Citibank (So. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)).

As an initial matter, the prayer for relief in the Complaint "expressly limits the injunctive relief to require that Defendant expend no more than $20,000 as the cost of injunctive relief[.]"  (Compl. at 9:16-17.)  Such express limitation is omitted from Defendant's Notice of Removal.  Defendant's omission speaks volumes.

Moreover, Defendant's reliance on the purported cost it would incur to hire a full-time employee to serve as a Senior Web Developer, (Mortorff Decl. of 10/4/19 ¶ 4 & Ex. 1; Dkt. 1-3), *i.e.*, an annual salary of $102,266.67, can and should be disregarded by the Court as inadequate because ***Defendant has inexplicably ignored the cost required to hire an outside third-party vendor that specializes in website accessibility to remediate***

*the barriers specifically identified in the Complaint,[2] which would surely be far more cheaper than hiring and retaining a costly full-time employee indefinitely*.   For example, Plaintiff relies upon the Declaration of VaShaun Jones, a self-employed business owner of Fedora Outlier LLC, which provides website remediation services to businesses.  Based on a review of Defendant's Website, Jones estimates that his company could remediate the barriers on Defendant's website at a mere cost of $11,300. (Declaration of VaShaun Jones ¶¶ 3-4 & Ex. 1.)

Indeed, in *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340 (S.D. Fla. 2017), *appeal docketed*, No. 17-13467 (11th Cir. Aug. 1, 2017), the district court made a factual finding that the plaintiff's accessibility expert testified at trial that his company could fix all of the problems on the defendant's commercial website for $37,000 or less.  *Id.* at 1347-48.   Needless to say, $37,000 pales in comparison to the annual salary of $102,266.67 cited in the Mortorff Declaration.  (Mortorff Decl. ¶ 4 & Ex. 1.)

Furthermore, the congressional testimony of Samuel R. Bagenstos, Principal Deputy Assistant Attorney General for Civil Rights, United States Department of Justice, before the House Subcommittee on Constitution, Civil Rights and Civil Liberties on April 22, 2010, is noteworthy:

> "Making websites accessible is neither difficult ***nor especially costly***, and in most cases providing accessibility will not result in changes to the format or appearance of a site."

*See* News Release (testimony of Principal Deputy Assistant Attorney General for Civil Rights, Samuel R. Bagenstos, before the House Subcommittee on Constitution, Civil Rights and Civil Liberties), 2010 WL 1634981 (Apr. 22, 2010) (emphasis added).  Thus, the Department of Justice, which is the government agency charged with enforcing the ADA, has publicly taken the position that making websites accessible is not "especially costly."

---

[2] The Complaint identifies specific communication barriers that exist on Defendant's Website.  (Compl. ¶ 18.)

Additionally, Christopher Mortorff, Defendant's Senior Corporate Counsel, has characterized Plaintiff's assertions regarding the inaccessibility of Defendant's Website as "groundless" in his sworn declaration.  (Mortorff Decl. ¶ 2.)  Given that Defendant challenges the existence of ***any*** communication barriers on its Website, surely any remediation of Defendant's Website would be minimal, at best, according to Defendant.  Simply put, Defendant can't have it both ways.  If Defendant's Website is already mostly accessible to blind persons, then surely any remediation costs would be de minimis.

By analogy, Defendant's cost estimate to hire a full-time employee to perform the Website remediation would be akin to a question about the length of time it would take for a long-distance runner to complete a marathon being responded to with a time estimate for such runner to complete a marathon running backwards instead of forward.  Such estimate would be meaningless.

As such, Defendant appears to have only proposed hiring a full-time employee in order to obfuscate the far cheaper alternative of hiring an outside vendor to remediate its Website to eliminate the communication barriers contained therein.  *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").  Defendant's unstated assumption that hiring a costly full-time employee is the most cost effective method to remediate its Website to make it more accessible to blind individuals is unreasonable, plain and simple.

The decision in *Baracco v. Brooks Brothers Group, Inc.*, No. CV 18-9208 PSG (JPRx), 2019 WL 276840 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.), is instructive.  In *Baracco*, the plaintiff, who is legally blind, sued the defendant in California Superior Court under the Unruh Act because of the inaccessibility of the defendant's website.  The plaintiff stated in the complaint that he sought to limit the cost of injunctive relief to $15,000 or less.  *Id.* at *2.  The defendant removed the action to the federal district court based on diversity jurisdiction.  ***Although the defendant filed a declaration from its employee averring that it had engaged a third-party vendor to update its website to make its website more user-friendly for visually impaired individuals at a total price of***

*over $150,000*, the district court held that the defendant had failed to provide "substantive evidence" of how much it would cost to implement the injunctive relief sought by the plaintiff to remediate the defendant's website. *Id.* at *3. The district court explained:

> "[T]he Court finds that this declaration is insufficient to show under the preponderance of evidence standard that the value of the injunction is 'far greater than $15,000.' The declaration states only that an unknown portion of the vendor's work was devoted to updating the website to be more user-friendly to visually impaired individuals. The Court cannot estimate, without any reasonable basis, how much of the $150,000 accounted for such work. ***It may very well be that the actual cost of making the website more accessible to visually impaired individuals accounted for only a small portion of the total amount***. And as Plaintiff correctly points out, '[h]ow much Defendant may have spent on its Website in the past has no bearing on the cost of remedying specific access barriers that are currently present on its Website.'
>
> Although the Court does not doubt that an overhaul of a global retail website may cost a significant amount, ***without more substantive evidence of how much it would cost to implement the injunctive relief Plaintiff seeks***, the Court has no choice but to credit Plaintiff's limitation of $15,000 for the cost of injunctive relief."

*Baracco*, 2019 WL 276840, at *3 (internal citations omitted) (emphasis added).

*Baracco* lends strong support to Plaintiff's position in two different ways. First, it shows that Defendant has failed to provide ***any*** substantive evidence of how much it would cost to implement the injunctive relief sought by Plaintiff ***via a third party vendor***, which is surely far more cost-effective to undertake website remediation than hiring a full-time employee indefinitely. Second, *Baracco* raises serious questions about what percentage of time would a full-time employee hired as a "Senior Web Developer" devote himself or herself to making Defendant's Website more accessible to visually impaired individuals. Five percent? Ten percent? Twenty-five percent? Forty percent? Fifty

percent?  Indeed, Exhibit 1 to the Mortorff Declaration fails to provide a description of **any** specific job duties for the hypothetical "Senior Web Developer" position, which makes it impossible to glean any reasonable inferences from such Declaration.

The bottom line is that Defendant offers purely speculative and conjectural alleged amounts in controversy that improperly "reflect a 'bold optimistic prediction' rather than a reasonable estimate of plaintiff's claims." *Sabine v. Aaron Brothers, Inc.*, CV173177DSFAGRX, 2017 WL 7806596, at *2 (C.D. Cal. July 11, 2017) (Fischer, J.) (citing *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal., Aug. 28, 2014) (Morrow, J.)); *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

**C.     The Court Should Grant Limited Discovery Relevant to the Jurisdictional Amount If the Court Is Inclined to Deny the Motion to Remand.**

"In certain situations, it may be appropriate for the court to grant limited discovery relevant to the jurisdictional amount before deciding the motion to remand." *Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001)).

If the Court is inclined to deny Plaintiff's instant Motion, then the Court should grant limited discovery relevant to the jurisdictional amount.  In particular, the Court should grant limited discovery to determine:  (1) what percentage of time a full-time employee hired as a "Senior Web Developer," referenced in the Mortorff Declaration, would devote himself or herself to making Defendant's Website more accessible to visually impaired individuals; (2) what attempts, if any, Defendant has made to obtain a proposal containing a cost estimate for an outside, third-party vendor to remediate its Website; and (3) any proposal containing a cost estimate obtained by Defendant from an outside, third-party vendor regarding the remediation of the specific communication barriers identified in the Complaint allegedly contained on Defendant's Website.

**D.  Defendant Omitted Raising Federal Question Jurisdiction in Its Notice of Removal.**

It is beyond dispute that federal question jurisdiction does not exist over the instant action, which is surely why Defendant omitted such ground in its Notice of Removal. Indeed, the decisions in the Court remanding similar Unruh Act cases are legion.  *See, e.g.*, *Martinez v. Greatcollections.com, LLC*, No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299, at *1-*2 (C.D. Cal. Sept. 27, 2019) (Staton, J.); *Licea v. Reebok Int'l Ltd.*, 2019 WL 4014431, at *1 (C.D. Cal. Aug. 23, 2019) (Hatter, J.); *Martinez v. Adidas America*, No. 5:19-cv-00841-JGB-KK, 2019 WL 3002864, at *4-*5 (C.D. Cal. July 9, 2019) (Bernal, J.) (citing and agreeing with other courts in the Central District of California, which found no federal jurisdiction because the plaintiffs adequately alleged a "non-ADA theory of UCRA violation"); *Martinez v. Matrix Health Prods.*, 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (Carter, J.); *Licea v. J&P Park Acquisitions, Inc*., No. CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20, 2019) (Real, J.) ("The UCRA may be violated in a number of ways, with an ADA violation being just one possibility. *See* Cal. Civ. Code § 51. Whether Plaintiffs have a viable claim under the UCRA is a question for the state court and has no bearing on the issue of federal jurisdiction."); *Thurston v. ClearPath Lending, Inc.*, No. SACV-18-2094-JVS(JDEx), 2019 WL 366405, at *3 (C.D. Cal. Jan. 28, 2019) (Selna, J.) ("Plaintiff has sufficiently pled facts, taken as true, that render her claims plausible. The ultimate question of whether Defendant, in fact, intentionally discriminated against Plaintiff will be fleshed out later in the case, through discovery and trial. Given the applicable pleading standard, and the sufficient language in Plaintiff's complaint, the Court finds that there are at least two theories under which Defendant could be held liable for violating the Unruh Act. Thus, the ADA issue is not "necessary element" to Plaintiffs cause of action.").  To the extent that Defendant would like the Court to consider the merits of Plaintiff's Unruh Act claim predicated upon an intentional discrimination theory of liability, this Court has recently held in an identical circumstance that "the Court cannot consider the merits of a claim for which it has not

otherwise established jurisdiction." *Greatcollections.com, LLC*, 2019 WL 4742299, at *2. This Court's holding in *Greatcollections.com, LLC* is equally applicable here.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court remand this action to the Superior Court of California for the County of Los Angeles, and grant such further and other relief as the Court deems appropriate.

Dated:  October 15, 2019          PACIFIC TRIAL ATTORNEYS
                                  A Professional Corporation


                                  By: _/s/Scott J. Ferrell_____
                                  Scott J. Ferrell
                                  Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2019, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell*
Scott J. Ferrell