# Exhibit 1

Superior Court of California
County of Los Angeles
Department 31

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 21 2018

Sherri R. Carter, Executive Officer/Clerk
By Lorena Albino, Deputy

CHERYL THURSTON,

    Plaintiff,

v.

MIDVALE CORPORATION, et al.,

    Defendant(s).

Case No.: BC663214

Hearing Date: May 17, 2018

**[TENTATIVE] ORDER RE:**

PARTIES' MOTIONS FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Plaintiff's Motion for Summary Judgment or, in the Alternative, Summary Adjudication is GRANTED. Plaintiff has demonstrated an entitlement to $4,000.00 in statutory damages, as well as injunctive relief. Defendant shall be required to prospectively comply with the requirements of WCAG 2.0 AA. Defendant's concurrently filed motion for summary judgment is MOOT.

*Request for Judicial Notice*

Plaintiff requests the court take judicial notice of various court decisions, settlements by the Department of Justice regarding ADA issues, and the Department of Justice's website. The court shall take judicial notice of the existence of these documents. (Evid. Code §§ 452(c); 452(d).)

*Evidentiary Objections in Opposition*

1

Each of the objections to the Declaration of John Mule and the Exhibits to the declaration of Scott Ferrell are immaterial to the court's disposition of the instant motion and the court declines to rule upon them. (CCP § 437c(q).)

*Thurston Declaration*

Objection Nos. 37-48 – OVERRULED.

### ADA Violation in Support of Unruh Act Claim

Plaintiff seeks to establish a right to summary judgment based upon Defendant's alleged violation of the ADA. (Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.").) It is undisputed that Defendant operates a restaurant called the Whisper Lounge (Opp. Sep. Stmt. Fact 1), that Defendant operates the website whisperloungela.com (Id. Fact 2), and that Plaintiff is blind. (Id. Fact 5.)

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." (42 U.S.C. § 12182(a).) The ADA expressly defines a restaurant as a place of public accommodation. (42 U.S.C § 12181(7)(B).) The parties debate whether Defendant's website also qualifies as a place of public accommodation with the meaning of the ADA.

"Courts are split on whether the ADA limits places of public accommodation to physical spaces. Courts in the First, Second, and Seventh Circuits have found that the ADA can apply to a website independent of any connection between the website and a physical place. . . . Courts in

these circuits have typically looked at Congress's intent that individuals with disabilities fully enjoy the goods, services, privileges and advantages available indiscriminately to other members of the public, and at the legislative history of the ADA, which indicates that Congress intended the ADA to adapt to changes in technology. . . . On the other hand, courts in the Third, Sixth, and Ninth Circuits have concluded that places of public accommodation must be physical places, and that goods and services provided by a public accommodation must have a sufficient nexus to a physical place in order to be covered by the ADA." (*Gil v. Winn Dixie Stores, Inc.* (S.D. Fla. 2017) 242 F.Supp.3d 1315, 1318–1319 (internal citations omitted).)

"The DOJ has 'repeatedly affirmed that Title III [of the ADA] applies to websites that meet the definition of a public accommodation." (*Robles v. Yum! Brands, Inc.* (C.D. Cal., Jan. 24, 2018, No. 216CV08211ODWSS) 2018 WL 566781, at *4 quoting *Gorecki v. Hobby Lobby Stores, Inc.*, CV 17–1131–JFW (SKx), 2017 WL 2957736, at *4 (C.D. Cal. June 15, 2017).) "[T]he text and purposes of the ADA, as well as the breadth of federal appellate decisions, suggest that defendant's website is covered under the ADA, either as its own place of public accommodation or as a result of its close relationship as a service of defendant's restaurants, which indisputably are public accommodations under the statute. (*Markett v. Five Guys Enterprises LLC* (S.D.N.Y., July 21, 2017, No. 17-CV-788 (KBF)) 2017 WL 5054568, at *2.) The statutory language supports the conclusion that Defendant's website is covered by the ADA as Section 12182 precludes discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations *of* any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." (42 U.S.C. § 12182(a) (emphasis added).) The court finds a plain reading of the statute, as well as the Department of Justice's treatment of websites under the ADA, indicate

that Defendant's website falls within the category of "services, . . . privileges, advantages, or accommodations of" a restaurant, which is a place of public accommodation under the ADA. (42 U.S.C §§ 12181(7)(B); 42 U.S.C. § 12182(a).)

Plaintiff has provided evidence that she encountered barriers to Defendant's website which have prevented her from using its features. (Thurston Decl. ¶¶ 3-7.) Specifically, Thurston contends she visited the website on February 20, 2017, and four to five times thereafter. (Thurston Decl. ¶ 3.) she was unable to read the menu because it was "offered in an unreadable, graphic image" and the link to the pdf version of the menu resulted in an error message. (Thurston Decl. ¶¶ 4-5.) Plaintiff also contends that she was unable to make a reservation or determine whether she could make an online reservation. (Thurston Decl. ¶ 6.) Plaintiff contends there were instances where the website contained graphics which "were either not labeled with descriptive tags, or inadequately labeled with descriptive tags." (Thurston Decl. ¶ 7.)

Defendant fails to provide any evidence in Opposition to refute Plaintiff's showing that its website was inaccessible to Plaintiff on February 20, 2017. Defendant provides the declaration of Christopher Baccus, who states he used a screen reader called NVDA on the version of the website which existed "from 2014 through September 2017." (Baccus Decl. ¶ 6.) Baccus generally attests to being able to navigate the site with the screen reader, but fails to address the specific barriers raised by Plaintiff in her declaration. (Baccus Decl. ¶¶ 7-9; Thurston Decl. ¶¶ 3-7.) Thus, the Baccus declaration does not raise a triable issue of material fact as to whether Thurston experienced the barriers to accessibility asserted. The same is true of the portions of the Baccus deposition cited by Defendant in its opposing separate statement. (Opp. Sep. Stmt. Facts 7-11.) Defendant also "disputes that any evidence presented to date

4

actually shows that plaintiff visited the Website at any time." (Mo. at 8.) However, Defendant provides no evidence refuting Plaintiff's declaration that she used the website on February 20, 2017, only speculation and improperly attempts to attack Plaintiff's credibility. (CCP § 437c(e).)

Defendant contends there is a triable issue as to whether its website provided appropriate auxiliary aids. "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." (28 C.F.R. § 36.303(a).) Auxiliary aids include" screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." (28 C.F.R. § 36.303(b).) A defendant is required to provide effective communications via its auxiliary aids. (28 C.F.R. § 36.303(c).) "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." (28 C.F.R. § 36.303(c)(ii).)

Defendant contends that it provided an email and a phone number on is website. Defendant provides no legal authority supporting its contention that such measure are sufficient to meet its burden. The court finds that the provision of an email or phone number does not provide full and equal enjoyment of Defendant's website (42 U.S.C. § 12182(a)), but rather imposes a burden on the visually impaired to wait for a response via email or call during

5

business hours rather than have access via Defendant's website as other sighted customers. Thus, the email and telephone options do not provide effective communication "in a timely manner" nor do they protect the independence of the visually impaired. (28 C.F.R. § 36.303(c)(ii).)

Finally, Defendant's contention regarding the WCAG guidelines are insufficient to deny Plaintiff's motion. While Plaintiff addresses the WCAG guidelines, the Complaint does not seek to hold Defendant liable for violating their provisions. Rather, the Complaint merely references the WCAG guidelines (Compl. ¶ 10), but does not expressly seek to hold Defendant liable for violating these guidelines. Rather, the Complaint seeks to prevent Defendant from violating the Unruh Act and to "take the steps necessary to make whisperloungela.com readily accessible to and usable by visually-impaired individuals." (Compl. at 6.) Plaintiff has established that Defendant's website was not accessible under the ADA. Defendant could have, but failed to, adduce evidence that its website was accessible within the standards imposed by the ADA on February 20, 2017 when Plaintiff accessed the website.

Defendant's separately filed motion for summary judgment is MOOT as a result of the court's ruling herein. Moreover, Defendant's constitutional arguments in its separate motion are not sufficient to demonstrate that it did not violate the ADA, and therefore the court need not reach these issues. (*City of Huntington Park v. Superior Court* (1995) 34 Cal.App.4th 1293, 1299 ("we have an obligation to avoid deciding constitutional questions unless it is absolutely necessary to do so.").) The court similarly rejects Defendant's primary jurisdiction argument raised in its separate motion. (See e.g. *Del-Orden v. Bonobos, Inc.* (S.D.N.Y., Dec. 20, 2017, No. 17 CIV. 2744 (PAE)) 2017 WL 6547902, at *15 ("Under these circumstances, the doctrine of primary jurisdiction does not counsel in favor of abstention. It is unknown when, if at all, the

6

DOJ will issue regulatory standards addressing the ADA's standards governing website access. Open-ended abstention in favor of regulatory guidance that may never come would disserve the interest of Del-Orden . . . in resolution of his ADA claim.").) Furthermore, Plaintiff has established standing under the Unruh Act. (See e.g. *Osborne v. Yasmeh* (2016) 1 Cal.App.5th 1118, 1127 ("Standing under the Unruh Act is broad.").)

Plaintiff's motion for summary judgment is GRANTED. Plaintiff has demonstrated an entitlement to statutory damages in the amount of $4,000.00. (Civ. Code § 52(a).) Plaintiff's repeated visits to the same inaccessible website does not establish a separate offense within the meaning of the Unruh Act. (Ibid. (making defendant liable for actual damages "for each and every offense.").) Similarly, the court finds injunctive relief warranted and orders Defendant to prospectively comply with the requirements of WCAG 2.0 AA, the standard often used by the DOJ in its consent decrees (RJN Ex. 6-7, 9), which will ensure future compliance with the accessibility requirements of the ADA. Defendant's contention that the request for injunctive relief is moot because it has been redesigning its website lacks merit as it has not been established that "subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* (2000) 528 U.S. 167, 170.)

Plaintiff is ordered to give notice.

DATED: May 21, 2018

Hon. Samantha P. Jessner
Los Angeles Superior Court

7