JS-6

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:19-cv-01921-JLS-KES					Date:  December 10, 2019
Title: Roy Rios v. Wirepath Home Systems, LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:		ATTORNEYS PRESENT FOR DEFENDANT:

Not Present								Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 9)**

Before the Court is Plaintiff Roy Rios's Motion to Remand, currently set for hearing on December 13, 2019, at 10:30 a.m.  (Mot., Doc. 9.)  Defendant Wirepath Home Systems, LLC ("Wirepath") opposed, and Plaintiff replied.  (Opp., Doc. 15; Reply, Doc. 17.)  Having considered the parties' papers and for the reasons discussed below, the Court GRANTS Plaintiff's Motion to Remand.[1]

## I.     BACKGROUND

Plaintiff, a California resident, "is a blind individual who requires screen reading software to read website content and access the internet."  (Compl. ¶¶ 4, 7, Doc. 1-1.)  At issue in this case is a website maintained by Defendant, sunbritetv.com (the "Website"), which provides access to Defendant's products and services.  (*See id.* ¶¶ 4, 9.)  Plaintiff alleges that Defendant maintains the Website "in such a way that the Website contains

---

[1] The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Accordingly, the hearing set for December 13, 2019, at 10:30 a.m., is VACATED.

numerous access barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to the Website." (*Id.* ¶ 4.)

Plaintiff filed his Complaint in Orange County Superior Court on August 21, 2019, bringing a single cause of action under the Unruh Civil Rights Act ("Unruh Act"). (*See id.* ¶¶ 21–28.)  As remedies for the alleged Unruh Act violation, Plaintiff seeks statutory damages, a preliminary and permanent injunction, and attorneys' fees.[2] (*Id.* at 9.)  Importantly, "Plaintiff expressly limits the total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not to exceed $74,999[.]" (*Id.*)

Defendant removed the case to this Court on October 4, 2019 based on diversity jurisdiction, contending that the amount in controversy actually exceeds $75,000, Plaintiff's express limitation notwithstanding.  (*See* Notice of Removal at 3–7, Doc. 1.)  Plaintiff timely seeks to remand the case.

## II.  **LEGAL STANDARD**

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).  And "[a] defendant may remove an action to federal court based on . . . diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (internal quotation marks and brackets omitted) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  Indeed, courts "strictly construe the removal statute against removal jurisdiction[,]" meaning that "the defendant always has the burden of

---

[2] Plaintiff also seeks pre-judgment interest and costs (Compl. at 9), but those do not get factored into the amount-in-controversy calculation. *See* 18 U.S.C. § 1332(b).

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:19-cv-01921-JLS-KES                    Date:  December 10, 2019
Title: Roy Rios v. Wirepath Home Systems, LLC
_____

establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).  "Some courts have required that these affidavits or stipulations be executed prior to the notice of removal as a sign of their bona fides[.]" *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (citation omitted).  "Notwithstanding this, district courts within this circuit have remanded actions on the condition that a plaintiff stipulate to seeking less than the jurisdictional minimum or submitting an affidavit binding him or her not to accept any amount meeting the jurisdictional minimum." *Id.* at 1038–39 (collecting cases).

### III.  DISCUSSION

In this Motion, the parties' dispute turns on the value of the injunctive relief Plaintiff seeks.  (*See* Opp. at 6, Doc. 15 ("Plaintiff's motion to remand can be distilled to one primary argument: Wirepath cannot meet its burden of proof in valuing the injunctive relief Plaintiff demands.").)  In short, Defendant challenges Plaintiff's express limitation of the amount in controversy, arguing that Plaintiff's requested injunctive relief *alone* would cost Defendant more than $75,000.  (*See generally* Opp.)

Although this is not a case where Plaintiff signed a binding pre-removal stipulation averring that the amount in controversy will not exceed the jurisdictional minimum, *cf. Blood v. Equifax, Inc.*, No. 818CV00958JLSPJW, 2018 WL 3636960, at *3 (C.D. Cal. July 30, 2018), Plaintiff's Complaint *expressly* limits his recovery to $74,999, inclusive of statutory damages, attorneys' fees and costs, and the cost of injunctive relief (Compl. at 9).  Importantly, Plaintiff reaffirms this self-imposed recovery cap in the instant Motion.  (*See, e.g.*, Mot. at 8, Doc. 9.)  This case therefore presents a situation where the Complaint does more than just "affirmatively allege[] that the amount in

<mark>
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
</mark>

| | |
|---|---|
| Case No.: 8:19-cv-01921-JLS-KES | Date:  December 10, 2019 |
| Title: Roy Rios v. Wirepath Home Systems, LLC | |

controversy is less than the jurisdictional threshold," *U.S. Bank Nat'l Ass'n v. Azam*, No. SACV-13:633-JLS, 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013) (internal quotation marks omitted), *aff'd*, 582 F. App'x 710 (9th Cir. 2014).  Rather, taken together, Plaintiff's Complaint and his reaffirmation of the recovery cap in his papers approximate a binding stipulation, especially because Plaintiff's assertions would "judicially estop[] [him] from arguing for more than $75,000 in damages." *See Cicero v. Target Corp.*, No. 2:13-CV-619 JCM GWF, 2013 WL 3270559, at *2 (D. Nev. June 26, 2013).

Accordingly, the amount in controversy here necessarily falls below the jurisdictional threshold, requiring remand.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and the Court remands the matter to Orange County Superior Court, Case No. 30-02019-01092254-CU-CR-CJC.

Initials of Preparer:  tg